```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES DIBATTISTA, et al.        :        CIVIL ACTION
                                :
          v.                    :
                                :
GARNETT DIXON, et al.           :        NO. 09-3086
```

MEMORANDUM AND ORDER

McLaughlin, J.                                      July 27, 2009

      This suit concerns an accident that occurred on February 2, 2009, in Springfield, Pennsylvania, between a car driven by plaintiff James DiBattista and a truck driven by defendant Garnett Dixon.  Plaintiffs James and Deborah DiBattista filed suit in the Delaware County Court of Common Pleas on June 11, 2009, against defendants Garnett Dixon and his employer, Kenneth O. Lester Co., Inc. ("Lester Co."), seeking damages for personal injury and loss of consortium.

      The complaint alleged that the plaintiffs were residents of Pennsylvania; that defendant Garnett Dixon was a resident of Delaware; and that defendant Lester Co. was a Maryland corporation with its place of business in Maryland.  The complaint states that each plaintiff seeks damages in excess of $50,000.  The complaint alleges that plaintiff James Battista suffered "permanent internal and external injuries" to his head, neck, shoulders, back and legs and has incurred "substantial [medical] expenses" and will incur additional expenses in the

future.  The complaint alleges James DiBattista has been "unable to attend to his usual duties and will continue to be disabled to his "great damage, injury and loss."  It also alleges he suffered and continues to suffer "severe physical pain, disability, mental anguish, and humiliation," all of which he "believes will be permanent."  Compl. ¶¶ 10-14.

The defendants filed a Notice of Removal to this Court on July 10, 2009, on the basis of diversity jurisdiction.  The plaintiffs filed a Motion to Remand on July 24, 2009, to which the defendants have filed a response.  The plaintiffs argue that remand is necessary because the amount-in-controversy requirement for diversity jurisdiction is not met.  In support of their argument, the plaintiffs have attached to their motion an affidavit by their counsel who avers that "the aggregate damages, exclusive of interest and costs, [in this matter] does not exceed $75,000."

The Court will deny the plaintiffs' Motion to Remand, finding that this case satisfies the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).

When there is no dispute over factual matters, either because a challenge to jurisdiction is made on the pleadings or because there are no facts in dispute or because factual findings have been made, then a court must apply the "legal-certainty

test" articulated in Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004); see also, Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009); Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007).  When there are disputes over factual matters, the party seeking to establish jurisdiction bears the burden of establishing them by a preponderance of the evidence.  Samuel-Bassett, 357 F.3d at 398.

Under the legal-certainty test, a court must determine "whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'"  Samuel-Bassett, 357 F.3d at 397 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).  A case must be remanded "if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000.  The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000."  Frederico, 507 F.3d at 195 (citing Valley v. State Farm Fire & Cas., Co., 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)) (emphasis in original).

The legal certainty test is modified when a plaintiff expressly seeks to limit the claims in her complaint to an amount below the jurisdictional limit.  A plaintiff as "master of the

3

case" may, if permitted by state law, limit the claims in her complaint to an amount below the jurisdictional threshold. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (citing Red Cab, 303 U.S. at 294). When a plaintiff so limits her complaint, the burden of the legal-certainty test shifts, and "the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold." Frederico, 507 F.3d at 196 (emphasis in original) (citing Morgan, 471 F.3d at 474).

The plaintiffs' motion to remand does not involve disputed issues of fact, but instead turns on the interpretation of the plaintiffs' complaint and the legal effect of their counsel's affidavit. The Court will therefore apply the legal-certainty test in evaluating the amount in controversy.

Looking only at the face of the pleadings, and disregarding for the moment the affidavit of the plaintiffs' counsel, the amount-in-controversy requirement is met here. The plaintiffs' complaint states that each plaintiff seeks damages in excess of $50,000 and, although it does not give specifics, alleges injuries to James DiBattista that are "permanent" and which have resulted, among other things, in "severe physical pain," "severe nervous shock," and "permanent" disability and loss of life's pleasures. From these pleadings, the Court cannot

4

say "to a legal certainty," that the plaintiffs could not recover in excess of $75,000 on James Battista's claims.[1]

The plaintiffs' proffer of an affidavit from their counsel that their damages are less than $75,000 does not affect the amount in controversy here.  Although the plaintiffs, as "masters of the case," could have sought to limit the claims in their complaint to an amount below the jurisdictional threshold for diversity jurisdiction, they did not do so.  Their complaint seeks damages on each plaintiffs' claim in excess of $50,000, without limitation.  (Even had the plaintiffs so limited their claims, the Court would have had to determine whether such a limitation was "permitted by state laws," Morgan, 471 F.3d at 474, an issue the Court does not reach.)

The plaintiffs' post-removal attempt to limit their claims through their counsel's affidavit does not affect the amount in controversy here.  The amount in controversy is determined from the allegations of the complaint. A plaintiff whose complaint alleges a claim over the jurisdictional threshold cannot defeat removal by subsequently agreeing to limit her claim to a lesser amount.  Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d

---

[1] The Court need not decide whether Deborah DiBattista could recover in excess of $75,000 on her loss of consortium claim.  If the Court has diversity jurisdiction over James DiBattista's claims, it can exercise supplemental jurisdiction over Deborah DiBattista's claims under 28 U.S.C. § 1367.

Cir. 1993); Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir. 1976).

In Angus, the plaintiff, like the DiBattistas here, had her case removed from state court on grounds of diversity and sought to remand by stipulating that her damages did not exceed the required amount in controversy. The court of appeals upheld the district court's exercise of jurisdiction, holding that the plaintiff's stipulation had "no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied" the amount in controversy. Id., 989 F.2d at 145; see also Albright, 531 F.2d at 135 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

The affidavit of the plaintiffs' counsel does not affect the amount in controversy here, and the from the face of the complaint, it does not appear to a legal certainty that plaintiff James DiBattista cannot recover more than $75,000. The amount in controversy requirement for diversity jurisdiction is therefore met, and the plaintiffs' motion for remand will be denied.

An appropriate Order will be entered separately.